IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DOROTHY D. WALKER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 17-0298-WS-M |
| | ) |
| LOVE'S TRAVEL CENTER, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

The plaintiff has filed a "motion to request counsel," (Doc. 16), pursuant to which she seeks appointment of counsel. The defendant has filed an objection. (Doc. 17).

"A plaintiff in a civil suit has no constitutional right to counsel. A court may, however, pursuant to 28 U.S.C. § 1915(e)(1), appoint counsel for an indigent plaintiff. The district court … should appoint counsel only in exceptional circumstances." *Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999).

The primary "exceptional circumstance" justifying appointment of civil counsel arises when "the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner." *Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987). There appears to be nothing factually or legally novel or complex presented by the plaintiff's claims of employment discrimination. *See, e.g., Dean v. Barber*, 951 F.2d 1210, 1212, 1216 (11th Cir. 1992) (a claim based on an attack by another detainee, with the governmental defendants' liability based on inadequate security and lack of inmate classification, was not so novel or complex as to require counsel). Indeed, the Eleventh Circuit has held that claims for termination in violation of the ADEA, Title VII and the Americans with Disabilities Act ("ADA") did not present "exceptional circumstances" so as to

require counsel. *Rizo v. Alabama Department of Human Resources*, 228 Fed. Appx. 832, 834 (11th Cir. 2007). Other employment claims have similarly not required appointment of counsel. *E.g., Lamar v. Wells Fargo Bank*, 597 Fed. Appx. 555, 556, 557-58 (11th Cir. 2014) (termination claim under the ADA, the Rehabilitation Act, and the Uniformed Services Employment and Reemployment Rights Act); *Dominguez v. Lake Como Club*, 520 Fed. Appx. 937, 938, 941-42 (11th Cir. 2013) (termination claim under Title VII); *Reeves v. DSI Security Services*, 331 Fed. Appx. 659, 660 & n.1 (11th Cir. 2009) (Title VII claims based on racial and religious discrimination, plus a hostile work environment claim); *Wills v. Postmaster General*, 300 Fed. Appx. 748, 750 & n.1 (11th Cir. 2008) (disparate treatment, harassment and retaliation claims under Title VII and Rehabilitation Act).

For the reasons set forth above, the motion for appointment of counsel is **denied**.

DONE and ORDERED this 30th day of October, 2017.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE