# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| DOROTHY D. WALKER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION 17-0298-WS-M |
| ) | |
| LOVE'S TRAVEL CENTER, ) | |
| ) | |
| Defendant. ) | |

## ORDER

This matter is before the Court on the defendant's motion to dismiss. (Doc. 9). The parties have filed briefs in support of their respective positions, (Docs. 10, 13-15),[1] and the motion is ripe for resolution.

The *pro se* plaintiff filed a complaint on the District's standard form for employment discrimination cases. The complaint identifies the adverse employment actions as termination and failure to provide a safe and secure work environment. (Doc. 1 at 1). The complaint alleges that the plaintiff was discriminated against in these particulars based on her race, color and mental disability. (*Id*. at 2). The time of hiring is identified as October 2014, the discrimination is identified as occurring in January 2015, and the time of termination is identified as February 2015. (*Id*.). The "manner in which [the defendant] discriminated against" the plaintiff is described as the co-worker's display of a Confederate-themed tattoo, the co-worker's disregard of the plaintiff's

---

[1] The defendant asks the Court not to consider the plaintiff's supplemental response, (Doc. 14), on the grounds it was filed after the Court-imposed deadline for opposition briefs. (Doc. 15 at 1 n.1). The supplemental response was filed approximately 33 hours after the deadline, leaving the defendant six full days to absorb its 1½ pages of content before filing a reply brief. Because the defendant articulates, and the Court can perceive, no prejudice arising from this brief delay, the defendant's request, construed as a motion, is **denied**.

concern, and the manager's refusal to have the co-worker keep the tattoo covered, saying that "the flag was coming back" and that she didn't understand the plaintiff's problem. (*Id*. at 3).

The defendant argues that the complaint does not satisfy the requirements of Rule 8(a)(2) as construed by *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). The defendant identifies the following as deficiencies: (1) failure to identify the plaintiff's race, color or mental disability; (2) failure to identify "the circumstances surrounding [her] termination," including the precise date of termination; (3) failure to identify comparators receiving more favorable treatment; and (4) failure to explain how the discrimination could have occurred in January 2015 when she was terminated in February 2015. (Doc. 10 at 2, 3, 7).

As this Court has noted, failure to comply with the requirements of Rule 8(a)(2) "exposes a complaint to dismissal under Rule 12(b)(6)," but "only if the defendant moves for dismissal under that rule, invokes the plausibility standard, and makes a satisfactory showing that, in certain, specified respects, for certain, specified reasons, the complaint falls short of that standard." *Georgia-Pacific Consumer Products LP v. Zurich American Insurance Co.*, 184 F. Supp. 2d 1337, 1340 (S.D. Ala. 2016). The defendants assume the plaintiff must plead, or plead more fully, the four items listed above in order to plead a plausible claim, but they offer no authority or explanation supporting their assumption.

As to the second and fourth items, the complaint does plead circumstances and timing surrounding the plaintiff's termination: when the plaintiff objected to a Confederate-themed tattoo in January 2015, her manager dismissed her objection with pro-Confederate statements and then terminated her in February 2015.[2] It would appear to be plausible that the termination of a black employee shortly after she complained about the presence of Confederate symbols in the workplace –

---

[2] The defendant does not explain, and the Court does not perceive, how alleging the month but not the day of termination could expose the complaint to dismissal.

2

especially when the manager verbally promotes the practice – was based on the employee's race;[3] certainly the defendant has presented no explanation why it is implausible as a matter of law.

As to the third item, the classic method of establishing a prima facie case of race discrimination is to identify a similarly situated comparator outside the plaintiff's protected group that was treated more favorably than the plaintiff. *E.g., Wilson v. B/E Aerospace, Inc.*, 376 F.3d 1079, 1091 (11th Cir. 2004). But an employment discrimination plaintiff is not required to plead the elements of a prima facie case. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510-11 (2002); *accord Surtain v. Hamlin Terrace Foundation*, 789 F.3d 1239, 1246 (11th Cir. 2015). "This is because *McDonnell Douglas*'s burden-shifting framework is an evidentiary standard, not a pleading requirement." *Id*. Instead, "[t]o state a race-discrimination claim under Title VII, a complaint need only provide enough factual matter (taken as true) to suggest intentional race discrimination." *Id*. (internal quotes omitted); *accord Evans v. Georgia Regional Hospital*, 850 F.3d 1248, 1253 (11th Cir. 2017). Thus, for example, the plaintiff in *Swierkiewicz* satisfied Rule 8(a) without making any allegations concerning the relative treatment of others. 534 U.S. at 514.

Moreover, a plaintiff in some circumstances may establish a prima facie case, and liability, without showing the existence of a comparator. "[T]he plaintiff's failure to produce a comparator does not necessarily doom the plaintiff's case. … A triable issue of fact exists if the record, viewed in a light most favorable to the plaintiff, presents a convincing mosaic of circumstantial evidence that would allow a jury to infer intentional discrimination by the decisionmaker." *Smith v. Lockheed-Martin Corp.*, 644 F.3d 1321, 1328 (11th Cir.

---

[3] An African-American who goes along with such displays of white power might well be tolerated while an African-American who objects might be deemed unacceptable as an employee. This inference is supported by the plaintiff's employment for several months before she raised her objections, followed by her termination shortly thereafter.

2011) (internal quotes omitted); *see also Schoenfield v. Babbitt*, 168 F.3d 1257, 1268 (11th Cir. 1999) ("A prima facie case of disparate treatment can be established by any proof of actions taken by the employer from which we infer discriminatory animus because experience has proved that in the absence of any other explanation it is more likely than not that those actions were bottomed on impermissible considerations.") (internal quotes omitted). In *Schoenfield*, the plaintiff established a prima facie case although he "had not shown that he had been treated differently than any similarly situated female or minority applicant." *Id*. at 1267-68. Whatever the outer limits of these decisions may be, they reflect that a plaintiff may sometimes prevail in a circumstantial evidence case even without a comparator. If a plaintiff does not necessarily need a comparator in order to prevail at trial, it is difficult to see how she could need a comparator in order to survive Rule 8(a)(2), at least if she (as here) alleges other indicia of race discrimination. *See Swierkiewicz*, 534 U.S. at 511-12 ("It thus seems incongruous to require a plaintiff, in order to survive a motion to dismiss, to plead more facts than he may ultimately need to prove to succeed on the merits ….").

The defendant has identified no authority holding that a plaintiff cannot state a plausible claim of employment discrimination without identifying a comparator that was more favorably treated. For reasons stated above, the Court is skeptical of the proposition. Because the defendant has not sustained its burden of demonstrating the correctness of its position, it cannot obtain dismissal for failure to plead a comparator.

Left for consideration is the defendant's first claimed deficiency – the plaintiff's failure to identify her race. Title VII protects employees against adverse employment actions taken "because of such individual's race." 42 U.S.C. § 2000e-2(a)(1). A complaint must allege each essential element of the plaintiff's claim, *e.g., Wilchombe v. TeeVee Toons, Inc*., 555 F.3d 949, 960 (11th Cir. 2009), and the plaintiff's race would seem to constitute an element of a race

4

discrimination claim; it is certainly an element of her prima facie case. *E.g., Wilson*, 376 F.3d at 1091.

Moreover, the plaintiff's race affects the plausibility of her allegation of race discrimination. While, as discussed above, it is plausible that a white manager would fire a black employee based on her race, with the termination decision set in motion by the black employee's objection to symbols of white supremacy, it is not clearly plausible that a white manager would fire a white employee based on her race (as opposed to her objection) under such circumstances, at least absent additional supporting allegations.[4] The Court concludes that, without an allegation of her race, the plaintiff's complaint fails to satisfy the plausibility standard of Rule 8(a)(2) and the caselaw thereunder.

The Court addresses only the termination claim and not the safe workplace claim because the defendant does not address the plausibility of the latter claim.[5] The Court addresses only the race basis of the claim and not the mental disability basis of the claim because the plaintiff's response indicates she does not really

---

[4] While a supervisor can racially discriminate against an employee of the same race, *United States v. Crosby*, 59 F.3d 1133, 1135 n.4 (11th Cir. 1995), the scenario is less plausible than discrimination against an employee of a different race. *E.g., Harris v. Delchamps, Inc.*, 5 F. Supp. 2d 1316, 1333 (M.D. Ala. 1998); *Walker v. Fulton County School District*, 2014 WL 11279374 at *10 (N.D. Ga. 2014) (collecting cases), *aff'd*, 624 Fed. Appx. 683 (11th Cir. 2015).

[5] The defendant merely posits that such a claim is not actionable, but without offering any argument, explanation or authority for the proposition. (Doc. 10 at 3). Nor is it immediately obvious that a safe and secure work environment is not a "term" or "condition" of employment under Section 2000e-2(a)(1), as to which an employer could racially discriminate.

The plaintiff in her response asserts that she experienced "a campaign of harassment and retaliation" and a "hostile and almost intolerable work environment" created by her manager after she complained about the Confederate symbols in the workplace. (Doc. 13 at 3). No such allegations appear in the complaint, and "[a] plaintiff may not amend her complaint through argument in a brief opposing [dismissal]." *Dukes v. Deaton*, 852 F.3d 1035, 1046 (11th Cir. 2017) (internal quotes omitted). Thus, no claim of retaliation or of a hostile work environment is presently in this lawsuit.

claim a mental disability but only that she was "mentally tormented" by her co-worker and manager. (Doc. 13 at 3).[6]

"Where a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice." *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991).[7] The defendant argues that the plaintiff's failure to provide her race in her responses to the motion to dismiss[8] demonstrates that she cannot create a more carefully drafted complaint that states a claim. (Doc. 15 at 2). The Court is unable to follow the defendant's reasoning; presumably, the plaintiff is able to allege her race even if she has not yet done so.

For the reasons set forth above, the defendant's motion to dismiss is **granted**. This action is **dismissed, without prejudice** to the plaintiff's ability to file and serve, on or before **November 17, 2017**, an amended complaint[9] that

---

[6] The defendant asserts the plaintiff has "abandoned" any claim under the ADA by not addressing the defendant's argument regarding that claim. (Doc. 15 at 3). The Court is aware that a number of sister courts subscribe to this theory, but the Court has rejected it as inconsistent with published Eleventh Circuit precedent. *E.g., Polion v. City of Greensboro*, 26 F. Supp. 3d 1197, 1222 (S.D. Ala. 2014); *cf. Gailes v. Marengo County Sheriff's Department*, 916 F. Supp. 2d 1238, 1241-44 (S.D. Ala. 2013) (applying the same rule to motions to dismiss).

The Court also does not address the "color" basis of the claim, both because the defendant did not address it separately and because it is not clear the plaintiff means by this anything other than race.

[7] As this Court has noted, "*Bank* remains good law in cases involving *pro se* plaintiffs." *Goodykoontz v. Diamond's Gentleman's Club*, 187 F. Supp. 3d 1332, 1335 n.2 (S.D. Ala. 2016).

[8] The plaintiff asserts she need not allege her race because the defendant, as her former employer, already knows what it is. (Doc. 13 at 2). That may be so but, as discussed in text, the plaintiff's race claim cannot survive unless she expressly identifies her race in her complaint.

[9] The Court does not recognize partial pleadings. Therefore, the amended complaint must be an integrated document that contains all allegations on which the plaintiff relies for her pleading, without reference to her original complaint.

corrects the deficiency noted in this order[10] and that sets forth any additional facts and/or claims the plaintiff desires to make a part of her pleading.[11] Nor should she assume she will be given additional opportunities to file a complaint that complies with applicable rules of pleading. Should the plaintiff fail to file an amended complaint by November 17, 2017, this action will be dismissed *with prejudice* and without further notice.[12]

DONE and ORDERED this 30th day of October, 2017.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE

---

[10] Should the plaintiff allege that her race is anything other than black, she should expect to plead additional facts making it plausible that her white manager fired her because of her race rather than for some other reason.

[11] "While the pleadings of pro se litigants are liberally construed, …, they must still comply with procedural rules governing the proper form of pleadings," including Rule 8(a)(2) as construed by *Twombly* and *Iqbal*. *Hopkins v. Saint Lucie County School Board*, 399 Fed. Appx. 563, 565 (11th Cir. 2010) (internal quotes omitted).

[12] The plaintiff's *pro se* status does not excuse her from complying with Court orders and rules. *E.g., Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007).